FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 21 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORDON ARKEZ DIXON | Criminal Information<br><br>No. 1:25-CR-0105 |

THE UNITED STATES ATTORNEY CHARGES THAT:

Beginning on a date unknown, but at least by on or about January 18, 2020, and continuing until on or about March 18, 2022, in the Northern District of Georgia and elsewhere, the defendant, JORDON ARKEZ DIXON, and others unknown, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another, to violate Title 18, United States Code, Section 922(a)(6), that is, to knowingly make a false and fictitious written statement to a licensed dealer of firearms within the meaning of Chapter 44 of Title 18 of the United States Code, in connection with the acquisition of a firearm as to facts material to the lawfulness of the sale of a firearm.

### Overt Acts

In furtherance of the conspiracy and to accomplish its objectives, the defendant, JORDON ARKEZ DIXON, and others unknown, committed, and caused to be committed, at least one of the following overt acts:

1. On or about January 21, 2022, DIXON purchased two (2) Glock semiautomatic pistols from the Forest Park Army Navy Store, a federally licensed firearms dealer ("FFL") in Forest Park, Georgia.
2. On or about February 19, 2022, DIXON purchased one (1) Glock semiautomatic pistol from the Forest Park Army Navy Store, a federally licensed firearms dealer ("FFL") in Forest Park, Georgia.

All in violation of Title 18, United States Code, Section 371.

### Forfeiture Provision

Upon conviction of the offense alleged in this Information, the defendant, JORDON ARKEZ DIXON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in the commission of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

RICHARD S. MOULTRIE, JR.
*Acting United States Attorney*

*Annalise K. Peters*

ANNALISE K. PETERS
*Assistant United States Attorney*
Georgia Bar No. 550845

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181